United States District Court
Southern District of Texas
FILED

APR 19 2024

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
April 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HORACIO CANTU VELA, § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 7:23-CV-0366 |
| § | |
| MISSION, TEXAS POLICE § DEPARTMENT, *et al.*, § § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff HORACIO CANTU VELA has filed this civil action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by the Mission Police Department (the "MPD") and two of its law enforcement officers—more specifically, a Detective Martinez and a Detective Gonzalez. (Dkt. No. 1). The general basis of the complaint is that the officers used excessive force in effecting Plaintiff's arrest. (*Id.* at 3). Plaintiff also lays blame of the MPD for its ostensible failure to adequately train or supervise the officers. (Dkt. No. 10 at 7).

Considering that Plaintiff is appearing in forma pauperis and is a pro se prisoner who seeks redress from a governmental entity, or officer or employee of a governmental entity, his pleadings are subject to screening under 28 U.S.C. §§ 1915 and 1915A of the Prison Litigation Reform Act (the "PLRA"), which contemplate dismissal of a complaint, or any portion thereof, that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and the relevant law, the Magistrate Judge RECOMMENDS that Plaintiff's claims be DISMISSED for the failure to state a claim insofar as the claims were not filed within the applicable limitations period.

## I. BACKGROUND

At the earliest, Plaintiff filed this case on October 18, 2023, or the date on which he executed his civil complaint. (*See* Dkt. No. 1 at 4-5).

When he filed the complaint, Plaintiff was being held in pre-trial custody at the Hidalgo County Adult Detention Center, where he remains to date.[1]

Plaintiff applied for and was eventually granted leave to proceed in forma pauperis. (Dkt. Nos. 2, 3, 5, 6, 7, 8).

On January 26, 2024, Plaintiff was ordered to provide a more definite statement in the form of written responses to questions as to the facts underlying his claims.[2] (Dkt. No. 9).

Plaintiff submitted responses to the questionnaire as ordered. (Dkt. No. 10).

On March 4, 2024, Plaintiff was ordered to submit briefing showing good cause why the Magistrate Judge should not recommend that Plaintiff's claims be dismissed for the failure to state a claim based on the limitations bar. (Dkt. No. 12).

Plaintiff was afforded 30 days to comply but, to date, has failed to submit the required briefing. (*See id.* at 4).

## II. FACTUAL ALLEGATIONS

Here, Plaintiff alleges that his arrest—and thus the officer's use of excessive force—occurred on January 25, 2021. (Dkt. No. 10 at 1). According to Plaintiff, following the arrest, he was charged in the 332nd District Court with (i) burglary of a habitation in Case No. CR-0666-21-

---

[1] Plaintiff's criminal case records can be accessed by using his name to query the Hidalgo County Records Inquiry page at https://pa.co.hidalgo.tx.us/default.aspx.

[2] A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) or a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976) may be employed to develop the factual and legal bases of a prisoner's claims, *see Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990), which procedures are similar to obtaining a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, *see Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

F and (ii) evading arrest in Case No. CR-0727-21-F. (*Id.* at 6). Hidalgo County court records relating to the evading arrest charge confirm that Plaintiff was arrested on January 25, 2021.

### III. LEGAL STANDARDS

#### A. Screening Under §§ 1915 and 1915A

Section 1915(e)(2)(B) of the PLRA imposes a screening responsibility on the district court whenever a plaintiff is granted in forma pauperis status. *Omran v. Wyche*, 745 F. App'x 225, 226 (5th Cir. 2018) (per curiam); *Womack v. Teleplan*, 2003 WL 21289652, at *1 (N.D. Tex. May 29, 2003) (citing 28 U.S.C. § 1915(e)(2)(B)). Such screening applies to prisoners and non-prisoners alike. *Womack*, 2003 WL 21289652, at *1 n.1 (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam)). Section 1915A(a) of the PLRA mandates similar screening of any civil complaint by a prisoner against a governmental entity or its officers and employees. 28 U.S.C. § 1915A(a). Pursuant to such screening under the PLRA, courts must identify and dismiss any claims that: (i) are frivolous or malicious; (ii) fail to state a claim on which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A dismissal under the PLRA for the failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019). When considering whether the plaintiff has adequately stated a claim on which relief can be granted, the court examines whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotations omitted). The court construes the complaint liberally in favor of the plaintiff, takes all facts pleaded in the complaint as true, and considers whether, with every doubt resolved on the

plaintiff's behalf, the complaint states any valid claim for relief. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quotations omitted).

A court may dismiss on such grounds where an affirmative defense, like the limitations bar, is apparent from the face of the complaint. *See Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

**B. Limitations Period**

Section 1983 borrows a forum state's limitations period applicable to personal injury claims. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In Texas, personal injury claims are subject to a limitations period of two years. *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 305 (5th Cir. 2017) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). This two-year period applies to claims of excessive force. *Id.* at 305-06.

The limitations period begins to run when a claim accrues, which is governed by federal law. *Id.* at 306. A claim accrues "the moment the plaintiff becomes aware that [they have] suffered an injury or [have] sufficient information to know that [they have] been injured." *Piotrowski*, 51 F.3d at 516 (quoting *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992)) (internal quotations omitted). For excessive force cases, accrual generally occurs when the force is inflicted. *Morrill*, 693 F. App'x at 306 (collecting cases).

The same limitations period and date of accrual that apply to claims against individual officers will apply to claims raising the failure-to-train or the failure-to-supervise against the officers' employing municipality. *Jones v. Lamar Cnty.*, 2022 WL 17175071, at *11 (E.D. Tex. Sept. 9, 2022) (citing *Bell v. Stanek*, 2016 WL 3364786, at *2 (N.D. Ill. June 17, 2016), *aff'd sub nom. Bell v. City of Chicago*, 694 F. App'x 408 (7th Cir. 2017)), *report and recommendation adopted*, 2022 WL 17170943 (E.D. Tex. Nov. 22, 2022).

"Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). State tolling principles may be disregarded only to the extent they are inconsistent with federal policy. *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993). Equitable tolling is applied sparingly under Texas law—only where the plaintiff shows both excusable ignorance of the limitations period and diligence in pursuing their rights. *Bennett v. Texas Dep't of Crim. Just.*, 2021 WL 971083, at *2 (E.D. Tex. Feb. 3, 2021) (citing *Montgomery v. Hale*, 648 F. App'x 444, 444-45 (5th Cir. 2016)), *report and recommendation adopted*, 2021 WL 963402 (E.D. Tex. Mar. 15, 2021). Courts have considered circumstances where the plaintiff was induced or tricked by another into allowing the filing deadline to pass, or where the plaintiff pursued their judicial remedies by filing a defective pleading during the statutory period. *Mason v. Sanchez*, 2021 WL 4344944, at *2 (E.D. Tex. Sept. 8, 2021) (citing *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 421-22 (5th Cir. 2013)), *report and recommendation adopted*, 2021 WL 4338913 (E.D. Tex. Sept. 23, 2021). A prisoner's pro se status and ignorance of the law, however, do not merit equitable tolling. *See Spencer v. Doe*, 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011), *report and recommendation adopted*, 2011 WL 3468383 (N.D. Tex. Aug. 4, 2011).

## IV. ANALYSIS

Here, Plaintiff's claims would have accrued on January 25, 2021, or the date that the officers' use of excessive force is alleged to have occurred. Considering the applicable two-year limitations period, Plaintiff had until January 25, 2023 to file his complaint. The complaint, however, is dated October 18, 2023, or nearly nine months after the limitations period expired.

Plaintiff has not articulated any grounds for equitable tolling, and none are apparent from the pleadings or record.[3]

## V. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that the entirety of Plaintiff's claims be DISMISSED for the failure to state a claim based on the limitations bar.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to Plaintiff by any receipted means.

DONE at McAllen, Texas, this 19th day of April 2024.

J. SCOTT HACKER
United States Magistrate Judge

---

[3] Indeed, rather than file a response in this case to the Magistrate Judge's show cause order, Plaintiff instead submitted a self-styled petition for habeas corpus relief filed as Civil Action No. 7:24-CV-149. The show cause order was sent to the Hidalgo County Adult Detention Center, which is the same location from which the new habeas petition was mailed. Plaintiff's state criminal records indicate that Plaintiff remains in detention at the Hidalgo County Adult Detention Center.