United States District Court
Southern District of Texas
FILED
MAY 16 2024
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
May 16, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| HORACIO CANTU VELA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:23-CV-0366 |
| § | |
| MISSION, TEXAS POLICE § | |
| DEPARTMENT, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

On April 19, 2024, the Magistrate Judge issued a report and recommendation for the dismissal of Plaintiff HORACIO CANTU VELA's civil rights complaint on the basis that it was filed outside the applicable two-year limitations period. (Dkt. No. 13). On May 6th, after the expiration of the 14-day period for the filing of objections to the recommended findings and conclusions, the District Judge issued an order accepting the report and dismissing this case. (Dkt. No. 14). Later that same day, the Clerk of Court received from Plaintiff a series of written objections to the report. (Dkt. No. 16-2). The objections have been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

After review of the record and the relevant law, the Magistrate Judge RECOMMENDS that the objections be OVERRULED.

Generally, documents by pro se prisoners are deemed filed as of the date they are deposited for mailing in the prison mail system. *See Hernandez v. Lubbock Police Dep't*, 2019 WL 1243684, at *1 n.1 (N.D. Tex. Mar. 18, 2019) (citing *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995)). Although the objections are dated May 2, 2024 (*see* Dkt. No. 16-2 at 1), or one day before the last day of the 14-day objections period, *see* 28 U.S.C. § 636(b)(1)(C), Plaintiff does not

include a declaration as to when he submitted the objections for mailing, and the mailing envelope does not otherwise display a postmark date (*see* Dkt. No. 16-3). Irrespective of any questions over the timeliness of Plaintiff's filing, however, his objections are meritless.

Plaintiff's first objection concerns the matter of the equitable tolling of the limitations period for the filing of the complaint. According to Plaintiff, his complaint was delayed due to complications stemming from the Covid-19 pandemic. (Dkt. No. 16-2 at 1). "I was limited to [sic] resources," Plaintiff alleges, "because of [Covid-19-related prison] shutdown[s, and] I wasn't able to provide myself with information to pursue [my rights] properly." (*Id.* (edited for readability)). Records show that Plaintiff was arrested in January 2021, charged with multiple offenses, and housed at the Hidalgo County Adult Detention Center during the pandemic.[1] That said, Plaintiff's allegations of lockdowns are too conclusory to support equitable tolling insofar as Plaintiff fails to provide the dates he was supposedly on lockdown and fails to describe precisely how he was actually prevented from timely filing his complaint. *See Garcia v. United States*, 2022 WL 17167956, at *2 (N.D. Tex. Nov. 1, 2022), *report and recommendation adopted*, 2022 WL 17168371 (N.D. Tex. Nov. 21, 2022); *see also Ramirez v. Garcia*, 2023 WL 5281049, at *4 (N.D. Tex. July 31, 2023), *report and recommendation adopted*, 2023 WL 5282437 (N.D. Tex. Aug. 16, 2023); *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (holding that prisoner was not entitled to equitable tolling where he was hospitalized thirteen times in a one-year period but failed to "suppl[y] the necessary details concerning his hospitalization, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his [habeas] application in a timely manner").

---

[1] Plaintiff's criminal case records can be accessed by using his name to query the Hidalgo County Records Inquiry page at https://pa.co.hidalgo.tx.us/default.aspx.

Through his second and third objections, Plaintiff alleges that he was hospitalized for injuries he supposedly suffered at the hands of the officers who effected the arrest at issue in this case. (Dkt. No. 16-2 at 1). Plaintiff does not specify, however, that he was incapacitated or otherwise rendered incapable of filing his complaint for the duration of the two-year limitations period. *See Villarreal-Ybarra v. United States*, 2014 WL 1612638, at *1, 3 (W.D. Tex. Apr. 22, 2014) (holding that prisoner was not entitled to equitable tolling where she did not show that she was physically incapacitated throughout her incarceration or that her physical ailments prevented her from filing for collateral review). To the contrary, Plaintiff's lockdown allegations, as well as his criminal case records, show that any post-arrest hospitalization was only temporary. Brief periods of incapacity during the limitations period, occurring long before the filing deadline, do not warrant equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999).

Plaintiff's fourth objection raises complaints of "racial defamation" and "gaslighting" by the sheriff's office and police. (*See* Dkt. No. 16-2 at 1-2). These complaints generally concern the substantive allegations of Plaintiff's lawsuit. They do not address the limitations-related questions at issue in the report and recommendation.

## CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that Plaintiff's objections to the report and recommendation be OVERRULED.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report

and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to Plaintiff by any receipted means.

DONE at McAllen, Texas, this 16th day of May 2024.

J. SCOTT HACKER
United States Magistrate Judge