United States District Court
Southern District of Texas

**ENTERED**

July 10, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **HORACIO CANTU VELA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 7:23-CV-00366** |
| | § | |
| **MISSION TEXAS, POLICE** | § | |
| **DEPARTMENT, DETECTIVE** | § | |
| **MARTINEZ and DETECTIVE** | § | |
| **GONZALEZ,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the May 16, 2024 Report and Recommendation ("R&R") prepared by Magistrate Judge J. Scott Hacker. (Dkt. No. 18). Magistrate Judge Hacker made findings and conclusions and recommended that Cantu Vela's Objection[s], (Dkt. No. 16-2), be overruled. (Dkt. No. 18 at 1, 3).

The Parties were provided proper notice and the opportunity to object to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On May 23, 2024, Plaintiff filed three objections regarding equitable tolling of the limitations period for filing his complaint. (Dkt. No. 19). First, that he was unable to timely file his complaint because of Covid-19 pandemic restrictions in the Hidalgo County Adult Detention Center. (*Id.* at 1). Second, that Plaintiff's injuries and hospitalizations incapacitated him causing him to be unable to timely file his complaint. (*Id.*). Third, that Hidalgo Detention Center staff and officers used racial discrimination and gaslighting to restrict him from accessing resources and

properly filing his complaint.  (*Id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made."  After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the R&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error.  Finding no error, the Court accepts the R&R and adopts it as the opinion of the Court.[1]  It is therefore ordered that:

(1)     Magistrate Judge Hacker's R&R, (Dkt. No. 18), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)     Cantu Vela's Objection[s], (Dkt. No. 16-2) are **OVERRULED**.

The Court, after review of the new objections, further orders that:

(1)     Cantu Vela's Objection[s], (Dkt. No. 19) are **OVERRULED**.

It is SO ORDERED.

---

[1]     On May 23, 2024, after Magistrate Judge Hacker issued this R&R, (Dkt. No. 18), addressing Cantu Vela's objections, (Dkt. No. 16-2), Cantu Vela mailed another set of objections, (Dkt. No. 19).  It is unclear whether Cantu Vela objects to the current R&R, (Dkt. No. 18), or previous R&R, (Dkt. No. 13), but because it is only timely if it is responsive to the most recent R&R, (Dkt. No. 18), the Court reviews it only as to the recent one.  The new objections are substantially the same as the ones addressed in the R&R, (Dkt. No. 18), therefore, the Court finds Magistrate Judge Hacker's analysis regarding the previous set of objections, (Dkt. No. 16-2), applies equally to the new objections, (Dkt. No. 19).  The new objections are overruled.

Signed on July 10, 2024.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**